FILED
U.S. DISTRICT COURT

2006 NOV 16 P 2:08

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ERNEST HOWARD, SR.,

   Plaintiff,

v.

HUGH SMITH; STEVE ROBERTS;
SANDRA MOORE; JOHN BROWN;
STEVE DUPREE; LOUIE SMITH;
JOHNNY SMITH; SHELDON
WASHINGTON; Sgt. ARTHUR;
Sgt. FORD; CO II CROLEY; HERBERT
McCRAY; ROBERT CAULEY; DAVID
PALMER; BERNARD JOINER;
RICHARD NAIL; BILLY BLACK;
CO II OLIVER; WILBERT DANIELS;
LANNIS TILMAN; OLAN STRICKLAND;
WELTON TOOTLE; CLARENCE
JACKSON; CO II KRUECK; JACK
WRIGHT; CO II HILL; DONALD
UNDERWOOD; Officer CLARK;
Officer DURDEN; WALTER GILBERT;
ESSIE WEAVER; SHAWANA MONROE';
SHEENA McKINNIS; Officer JENKINS;
M. BRADLEY; M. S. FLEMING;
J. REAVES; DEBRA M. KNIGHT;
Dr. RAO; Dr. ADLER; Physician's
Assistant CHEATAM, and Dr. JONES,

   Defendants.

CIVIL ACTION NO.: CV606-062

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia ("GSP"), filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Plaintiff filed a "Partial Motion for Summary Judgment," seeking an

AO 72A
(Rev. 8/82)

entry of judgment on his claims against Defendants Smith, Roberts, Dupree, Brown, Arthur, Washington, Reaves, Kight, Perdue, Donald, and Black.[1] (Doc. No. 107). All Defendants subsequently filed a Response and Cross Motion for Summary Judgment, (Doc. No. 119), to which Plaintiff has in turn filed a Response. (Doc. No. 131). For the following reasons, Plaintiff's Motion for Partial Summary Judgment should be **DENIED**. Defendants' Motion for Summary Judgment should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiff named forty-six (46) individuals as defendants in his Complaint, and appears to assert three distinct claims for relief. First, Plaintiff avers that he has been denied a nutritionally adequate diet while incarcerated at GSP. Plaintiff contends that officials at GSP denied him meals beginning in 2001 and continuing through 2005. (Doc. No. 17, pp. 3, 9). Plaintiff alleges that beginning in 2004, prison officials began serving him "only sandwiches," including "cold cuts" and "lacking vegetables." (Id. at 9). Plaintiff further alleges that he has been served unsanitary meals that contain insects and a rubber glove on one occasion, and are "frequently cold, or mixed-up like slop." (Id. at 10). Plaintiff asserts that this alleged denial of a nutritionally adequate diet has caused him to suffer severe weight loss and has exacerbated his existing medical conditions. (Id. at 11).

Next, Plaintiff contends that he is being housed in unsanitary and inhumane conditions. Plaintiff alleges that officials at GSP refuse to flush the toilet in his cell, and that as a result he has suffered respiratory and digestive problems. (Doc. No. 17, p. 13).

---

[1] Plaintiff's request for summary judgment against Perdue and Donald is moot. These individuals were terminated as parties by Order of the United States District Court for the Northern District of Georgia dated July 3, 2006.

2

Finally, Plaintiff asserts that officials at GSP have failed to provide him with appropriate medical care for his serious chronic illnesses. (Id. at 14). Plaintiff alleges that officials have refused to provide him with certain prescribed medications and that as a result, his conditions have worsened.

In his Partial Motion for Summary Judgment, Plaintiff contends that he has been consistently denied a nutritionally adequate diet and that this denial amounts to a violation of his Eighth Amendment right to be free of cruel and unusual punishment.[2] (Doc. No. 108, pp. 4-6). In their Response and Cross Motion for Summary Judgment, Defendants contend that there is no genuine issue of material fact as to any of Plaintiff's claims. Defendants allege that the conditions of Plaintiff's confinement are in no way a serious threat to his health. (Doc. No. 120, p. 3). Defendants assert that Plaintiff has a sanitary living space and has been given nutritionally adequate meals at all times. (Id. at 5-8). Defendants further allege that they have not been deliberately indifferent to Plaintiff's serious medical needs, and that, to the contrary, Plaintiff has been provided with all appropriate treatment for his various medical conditions. (Id. at 8-13).

### STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of

---

[2] Plaintiff also appears to argue for summary judgment based on a violation of his Fourteenth Amendment right to due process. The Court will not address this claim, as it is now raised by Plaintiff for the first time and Defendants were not served on this basis.

3

Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

4

## DISCUSSION AND CITATION OF AUTHORITY

I. **Eighth Amendment Analysis**

Although the Constitution does not require "comfortable prisons," it also does not allow for inhumane prison conditions. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981)). "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 36, 113 S. Ct. 2475, 2482, 125 L. Ed. 2d 22 (1993). The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. Prison officials must provide humane conditions of confinement, including the provision of adequate food, clothing, shelter, and medical care. Farmer, 511 U.S. at 832, 114 S. Ct. at 2400.

The "cruel and unusual punishment" standard, which originally proscribed only barbarous methods of punishment, has evolved to reflect society's "standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 2398-2399, 69 L. Ed. 2d 59 (1981); Estelle v. Gamble, 429 U.S. 97, 102, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). In this context, the Court employs a two-part analysis to determine whether conditions of confinement violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). First, the condition must be objectively and sufficiently serious or extreme to show that it "pose[s] an unreasonable risk of serious damage to [a plaintiff's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.2004). "Specifically, a prisoner must prove a serious medical need or the denial

of the minimal civilized measure of life's necessities." Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004). Second, "the prisoner must prove that the prison official acted with "'deliberate indifference.'" Id. (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1979). To prove deliberate indifference, the prisoner must show that the prison official "'acted with a sufficiently culpable state of mind'" with regard to the prison condition or serious medical need in issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

### A.    Plaintiff's Claims as to the Adequacy of His Diet

Plaintiff alleges that he has frequently been denied meals as a means of disciplinary punishment at GSP. Plaintiff further alleges that he has been repeatedly served sack meals which have been nutritionally deficient. In support of his contentions, Plaintiff has submitted what he alleges to be a detailed logging of the events relating to the denial of meals at GSP. (Pl.'s Exh. A). Plaintiff has also submitted the affidavits of Tracy Miller, Derrell Williams, and Robbie Floyd, who all claim to have witnessed Plaintiff or other inmates being denied meals by GSP officials. (Pl.'s Exh. B, C, D). Additionally, Plaintiff offers his own affidavit, in which he details every instance in which he alleges he was denied a particular meal. (Pl.'s Exh. E). Plaintiff's affidavit further asserts that his chronic digestive illnesses, including severe acid reflux, a hiatal hernia, and irritable bowel syndrome, have worsened due to the denials of food. (Id. at 1).

Defendants contend that Plaintiff "is not being denied meals," but that instead he has merely been at times denied a "new food tray" until he returned his used food tray. (Doc. No. 120, p. 6). Defendants assert that in response to Plaintiff's hoarding his used food trays, officers were instructed to allow Plaintiff only one food tray at a time. (Id. at 7). Defendants further assert that when Plaintiff perpetuated in not returning his used food

6

trays, he was given sack meals until he relinquished the trays. (Id.). Defendants assert that this pattern continued until they eventually began serving Plaintiff meals on styrofoam trays. (Id. at 8). Despite variations in the manner of delivery, Defendants contend that Plaintiff was "consistently provided [ ] with nutritious meals." (Id.). Defendants' contentions are based on the affidavit of Steve Dupree, Unit Manager at GSP, in whose unit Plaintiff is housed. (Defs.' Exh. A).

"The Constitution requires that prisoners be provided reasonably adequate food." Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985) (citations and punctuation omitted). "'A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.'" Id. (quoting Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir.1977)). Plaintiff has alleged that he has been denied meals altogether, and that the meals served have frequently been nutritionally deficient. For summary judgment purposes, all disputed facts are resolved in accord with Plaintiff's view of the facts. Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313,1320 (11th Cir. 2005). Whether a substantial risk of serious harm to Plaintiff's health exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. Plaintiff offers evidence regarding his allegations that the denial of adequate nutrition has caused him serious illness. Regarding the subjective component, there is a genuine question as to whether the alleged denial of meals was as a result of GSP officials' deliberate indifference to Plaintiff's health and nutritional needs. Accordingly, neither Plaintiff nor Defendants is entitled to summary judgment on this point.

AO 72A
(Rev. 8/82)

**B.     Plaintiff's Claims as to the Sanitariness of His Confinement**

Plaintiff contends that GSP officials have refused to regularly flush his toilet despite his pleas for them to do so. (Doc. No. 131, p. 7). Plaintiff asserts that officials have gone for days without flushing his commode. (Id.). Plaintiff alleges that as a result of this alleged unsanitary condition, he has suffered nausea, vomiting, sever headaches, and difficulty breathing. (Id.). Plaintiff offers these allegations in his own affidavit, and submits the affidavits of fellow inmates Tracy Miller, Derrell Williams, and Robbie Floyd, who state that staff at GSP frequently refuse to flush Plaintiff's toilet. (Pl.'s Exh. B, C, D).

Defendants contend that Plaintiff's living conditions include a sanitary cell, and that there is no threat to his physical health. (Doc. No. 120, p. 5). Defendants assert that GSP officials installed a flush valve on Plaintiff's toilet after he repeatedly "intentionally clogged-up his commode with sheets or rolls of toilet paper." (Id.). Defendants contend that the installation of the flush valve has prevented Plaintiff from creating unsanitary conditions in the cell. (Id. at 6). Defendants again rely on the affidavit of Steve Dupree, Unit Manager over Plaintiff's unit at GSP. (Defs.' Exh. A).

Plaintiff contends that he has suffered serious medical conditions as a result of alleged unsanitary conditions in his cell, and that Defendants were deliberately indifferent to this risk of harm. Defendants assert that they were not deliberately indifferent to Plaintiff's needs and instead provided him with sanitary conditions at all times. There is a genuine issue of material fact as to whether the conditions of Plaintiff's confinement at GSP relating to the sanitariness of his cell have been constitutionally deficient. Accordingly, no party is entitled to summary judgment on this point.

AO 72A
(Rev. 8/82)

### C. Plaintiff's Claims as to the Adequacy of His Medical Care

Plaintiff alleges that Defendants acted with deliberate indifference to his known medical needs by failing to provide him with certain prescribed medications, including Prilosec OTC for acid reflux and Benadryl for itching. (Doc. No. 131, p. 29). Plaintiff contends that on several occasions, GSP officials refused to refill his prescribed medications. Conversely, Defendants assert that Plaintiff has been given appropriate medical treatment while incarcerated at GSP. Defendants contend that Plaintiff is in no physical danger as a result of any medical conditions, and that he has received adequate care for all of his complaints since his arrival at GSP. (Doc. No. 120, p. 11). Defendants offer Plaintiff's medical records to support their contentions, asserting that these records prove that Plaintiff has routinely received medication and treatment for his afflictions. (Id. at 11-12).

Like Plaintiff's other deliberate indifference claims, the analysis with regard to Plaintiff's medical treatment must incorporate both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under this standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187. As for

9

the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Of importance is the fact that it is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he himself deemed appropriate. Harris, 941 F.2d at 1505.

It is clear, to this Court, that there exists no genuine issue of material fact as to whether Defendants were deliberately indifferent to Plaintiff's serious medical needs in this regard. Plaintiff's medical records indicate that he received prescriptions for medications from physicians at GSP on numerous occasions between February 2004 and August 2006. (Defs.' Att. 2). Plaintiff's records also indicate that between February 2004 and July 2006, he indeed received prescribed medications hundreds of times. Plaintiff has offered no evidence to refute the obvious indications of his medical records. The Court is in no position to second-guess the judgment of the medical personnel who examined and treated Plaintiff. At best, Plaintiff has revealed that a difference of opinion existed between him and medical personnel at GSP regarding the treatment of his medical conditions. However, this does not rise to the level of a constitutional violation. See Harris, 941 F.2d at 1505. In sum, Plaintiff has failed to show the existence of a genuine issue of material fact as to whether Defendants were deliberately indifferent to his serious medical needs. Accordingly, Defendants are entitled to summary judgment on this claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment (Doc. No. 107) be **DENIED**. It is also my **RECOMMENDATION** that Defendant's Motion for Summary Judgment (Doc. No. 119) be **GRANTED** in part and **DENIED** in part. Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs by failing to provide prescription drugs should be dismissed. Plaintiff's claims regarding the adequacy of his diet and the sanitariness of his cell should remain pending at this time.

**SO ORDERED** this 16th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)