UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ERNEST HOWARD, SR.,

    Plaintiff,

v.                     606CV062

HERBERT MCCRAY, *et al.*,

    Defendants.

## ORDER

On competing motions for reconsideration of *Howard v. Smith*, 2008 WL 816684 (S.D.Ga. 3/26/08) (unpublished), the Court is otherwise faced with just one remaining claim in this 42 U.S.C. § 1983 case brought by inmate-plaintiff Ernest Howard, Sr.: Whether Howard may take the remaining defendants in this case to trial over his allegations that they deliberately failed to flush his toilet every two hours (because Howard is an "excrement-thrower," he has not been permitted to flush his prison cell's toilet but instead must rely upon prison officials to flush it for him every two hours; he alleges that they did not). *See* doc. # 193-3 at 3-5; # 241 at 4-5. Defendants contend that, at a minimum, the law in this area was not sufficiently established so as to overcome their qualified immunity defense. Doc. # 235 at 11-12.

On reconsideration, the Court concludes that it clearly erred in rejecting the defendants' qualified immunity defense and thus grants their reconsideration motion. Useful perspective here is supplied by a case from more than 10 years ago:

> Smith alleges that water was leaking behind the toilet in the lower D tier, causing low water pressure. Thus, the toilet did not flush adequately and the smell of waste made Smith vomit. Smith contends that [a defendant jail official] was aware of this problem because of many verbal complaints and because it was an obvious condition. These conditions do not rise to a constitutional violation. Low water pressure and inadequate flushing do not state an extreme deprivation. *See Robinson v. Illinois State Correction Ctr.*, 890 F.Supp. 715, 720 (N.D.Ill.1995). Additionally, the cell records indicate that Smith was not always housed in the lower D tier, making the deprivation even less extreme. The facts do not establish an objectively serious condition, thus defendants are entitled to judgment as a matter of law.

*Smith v. Gasparini*, 1997 WL 715688, * 4 (N.D.Ill. 11/10/97) (unpublished).[1] No

---

[1] *Smith* relied on this passage from another prison-conditions case reported a decade earlier:

> Plaintiff also bemoans the unsanitary conditions of the toilet area, the existence of roaches and bed bugs, and the lack of weekly bedding supplies. As with his previous allegations, he fails to outline the severity of these problem or the defendants' state of mind in allowing them to exist. We need not address the later issue, as plaintiff has failed to satisfy the objective component of the analysis. Although unpleasant, the conditions plaintiff complains of do not in themselves rise to the level of a constitutional violation. *Cf. Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir.1988) (keeping prisoner in "filthy, roach-infested cell," without toilet paper for five days, soap and other toiletries for ten days, not sufficiently serious to state Eighth Amendment claim). Moreover, Robinson's failure to allege that he suffered any injury because of these conditions defeats any contention of their objective severity. *Id.* at 1235; *Hines v. Sheahan*, 845 F.Supp. 1265, 1269 (N.D.Ill.1994); *Chavis v. Fairman*, No. 92 C 7490, 1994 WL 55719, at *3,

subsequent binding precedent has since been established to place these defendants on notice that their alleged "flushing failures" placed them over the Eighth Amendment line. For that matter, Howard does not allege physical contact with the unflushed waste, nor even "vomit-level" reaction to it. And the defendants' medical records showing (*i.e.*, that Howard suffered no objectively verifiable medical harm as a result of the unflushed toilet) remains unrebutted. Nor does plaintiff dispute that he presented a behavior management problem ("excrement throwers" necessitate special measures) which, but for that problem, would obviate the restricted-flushing measure deployed here.

Meanwhile, none of Howard's reconsideration arguments satisfy F.R.Civ.P. 59(e)'s criteria (*i.e.*, that a movant must establish not only that the Court erred but that he thereby suffered F.R.Civ.P. 61-level outcome-altering prejudice). *See* doc. # 241.

Accordingly, inmate-plaintiff Ernest Howard, Sr.'s Motion for Reconsideration (doc. # 241) is ***DENIED***. In contrast, the Court ***GRANTS*** the defendants' Motion for Reconsideration (doc. # 235) and therefore the Court ***DISMISSES WITH PREJUDICE*** inmate-plaintiff Ernest Howard, Sr.'s remaining claims. That, in turn, ***CLOSES*** this case.

A ministerial note: The parties and the Magistrate Judge persist in including previously terminated defendants in the caption of this case. *See* doc. ## 229, 235, 241. The Court has selected the next-listed defendant for the above caption. Even though this case is now closed, any subsequent filings shall conform.

This __4__ day of June, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

1994 U.S. Dist. LEXIS 1850, at *15 (N.D.Ill. Feb. 22, 1994).

*Robinson*, 890 F.Supp. at 720. In this case Howard claims no serious injury, and defendants cite his medical records showing none. Doc. # 235 at 7. Nor did plaintiff ever come in physical contact with his sewage. *Id.*